**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JERONIMO SAENZ FUENTES, JR.,**<br><br>        **Petitioner**,<br><br>    v.<br><br>**UNITED STATES OF AMERICA,<br>DISTRICT COURT FOR EASTERN<br>DISTRICT OF CALIFORNIA,**<br><br>        **Respondent.** | CV F 04-6380 AWI<br>(CR F 98-5370 AWI)<br><br>**ORDER DIRECTING<br>PETITIONER TO SHOW<br>CAUSE WHY MOTION TO<br>MODIFY, VACATE OR SET<br>ASIDE SHOULD NOT BE<br>DISMISSED AS UNTIMELY**<br><br>**(28 U.S.C. § 2255)** |

In this case, petitioner Jeronimo Saenz Fuentes, Jr. ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 87 months imposed on him by this court on April 10, 2000, following his conviction by plea agreement.

**PROCEDURAL AND FACTUAL HISTORY**

Petitioner was found guilty and sentenced by this court on April 13, 2000. Petitioner submitted an appeal of this judgement to the Ninth Circuit on April 20, 2000. Petitioner then moved to voluntarily dismiss the appeal. On August 1, 2001, an order from the Ninth Circuit granted Petitioner's motion for voluntary dismissal of appeal. On November 6, 2002, the Ninth Circuit certified a copy of the August 1, 2001 order. Petitioner filed a motion to correct, set aside

---

[1] All references to section numbers hereinafter are to sections of Title 28 of the United States Code unless otherwise specified.

1  or vacate his sentence pursuant to 28 U.S.C., section 2255 in this court on August 16, 2004. On
2  September 15, 2004, Petitioner filed a supplemental points and authorities in support of the
3  section 2255 motion. On September 23, 2004, Petitioner filed a notice of appeal to the Ninth
4  Circuit regarding his section 2255 motion. On October 13, 2004, Petitioner filed a motion for
5  mandate and notice of a <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), application. On February
6  3, 2005, Petitioner filed a request for mandate for decision on his motion for modification of his
7  sentence. As of the date of this order, it is this court's understanding that Petitioner's motion is
8  still pending before the Ninth Circuit.

## LEGAL STANDARD

10  Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court
11  established by Act of Congress claiming the right to be released upon the ground that the
12  sentence was imposed in violation of the constitution or laws of the United States ... may move
13  the court which imposed the sentence to vacate, set aside or correct the sentence." Under section
14  2255, "a district court must grant a hearing to determine the validity of a petition brought under
15  that section, '[u]nless the motions and the files and records of the case conclusively show that the
16  prisoner is entitled to no relief.'" <u>United State s v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994)
17  (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the
18  movant's allegations, viewed against he record, fail to state a claim for relief or "are so palpably
19  incredibly or patently frivolous as to warrant summary dismissal." <u>United States v. McMullen</u>,
20  98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted), cert. denied, 520 U.S. 1269, 117
21  (1997). To earn the right to a hearing, therefore, the movant must make specific factual
22  allegations which, if true, would entitle him to relief. <u>Id</u>. Mere conclusory statements in a
23  section 2255 motion are insufficient to require a hearing. <u>United States v. Hearst</u>, 638 F.2d 1190,
24  1194 (9th Cir. 1980).

## DISCUSSION

26  Section 2255 provides that the one-year statute of limitations for the section begins to run

at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies. In this case, Petitioner alleges no government-created impediment to bringing a section 2255, therefore no discussion is necessary as to the second of the possible starting points. Likewise, there is no claim of facts supporting the petition that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.

The third triggering event specified by section 2255 is not applicable because Petitioner does not assert a newly recognized right that has been made retroactive to cases on collateral review. Petitioner's motion solely relies on Blakey v. Washington, 124 S.Ct. 2531 (2004). The Blakely decision, by its own terms, does not apply retroactively to cases on collateral review, and to date no other case has addressed the retroactivity of Blakely.  See In re: Dean, 375 F.3d 1287 (11th Cir. 2004). Also pertinent to this case, the Ninth Circuit has held that Blakley does not apply retroactively on initial collateral review, United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002), or successive collateral review. Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002). Petitioner's judgement became final on August 1, 2001, and Blakely was decided on June 24, 2004. It is clear that Blakely was decided well over two years after Petitioner's judgement became final. Since Blakely does not set forth a rule that has been found retroactively applicable on collateral review, the third possible starting date for the running of the statute of limitations does not apply.

The court, having excluded all other possible starting points, concludes the first of the

3

1 possible starting points for the running of the statute of limitations applies. The first of the
2 possible starting points for the running of the statute of limitations states that the one-year statute
3 begins to run on the date that the judgement becomes final. The mandate of an appellate court
4 creates a final judgement in a case. Thornber v. City of Fort Walton Beach, 622 So.2d 570, 572
5 (Fla. Dist. Ct. App. 1993). "'[F]inal judgment' is defined as the date on which the appellate
6 process 'is terminated'." U.S. v. Cook, 705 F.2d 350, 351 (9th Cir. 1983). In the Ninth Circuit,
7 in the case where an appeal is taken, the appellate process is considered terminated, and the
8 judgment is therefore final on the last day after a writ of certiorari could have been taken from
9 the appeal, that is, after ninety (90) days from the date the judgment is affirmed by the appellate
10 court. United States v. Garcia, 210 F.3d 1058, 1060-1061 (9th Cir. 2000). Here, a mandate was
11 issued on Petitioner's Ninth Circuit appeal when it granted Petitioner's motion for a voluntary
12 dismissal on August 1, 2001. The statue of limitations in Petitioner's case began to run on the
13 ninety-first day following the issuance of the mandate[2], or on October 30, 1991. See id. As the
14 statute of limitations runs for one year after a petitioner's motion, the deadline expired in
15 Petitioner's case on October 30, 2002, at the very latest.

16       Petitioner filed his section 2255 motion with this court on August 16, 2004, over two
17 years past the deadline established by section 2255. The court must conclude the period of time
18 granted by section 2255 for the filing of a habeas corpus petition had run over a year before the
19 instant petition was filed. Petitioner's motion for relief pursuant to section 2255 is therefore
20 time-barred.

21       The court also notes that Petitioner has filed a second or successive appeal with the Ninth
22 Circuit and the appeal, to the best of this court's knowledge, is still pending. "A district court

---

[2] It is not clear whether the calculation set forth in Garcia applies where, as here, the petitioner has voluntarily dismissed his direct appeal and there does not appear to be a basis for application for a writ of certiorari. The court adopts the timetable in Garcia in this case without making any determination on this issue as it serves to illustrate that the Petitioner's motion is time-barred in this case even if the starting dates employed are the dates most favorable to Petitioner.

*should not* entertain a petition for a writ of habeas corpus while there is an appeal pending [in the appellate] court or in the Supreme Court." Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987). "The reason for this rule is that 'disposition of the appeal may render the [habeas corpus writ] unnecessary." Id. Where an issue is decided by the appellate court or the Supreme Court, a district court may not entertain any petition that would have the effect of undoing the appellate court's decision. Id. at 1321. Thus, in the unlikely event the Ninth Circuit does address Petitioner's appeal on its merits, the decision in that appellate decision would be absolutely binding on this court to the extent the issues addressed by the appellate court was also addressed to this court. If, as is more likely the case, the Ninth Circuit determines the appeal is untimely or otherwise barred, this court's determination that the petition is time-barred divests this court of jurisdiction to consider Petitioner's section 2255 motion on its merits. In either case, this court may not consider Petitioner's motion to vacate, modify, or set aside the sentence on its merits. Petitioner will be given the opportunity to show cause why the motion pursuant to section 2255 should not be dismissed as time-barred.

**ORDER**

For the reasons set forth above, PETITIONER IS HEREBY ORDERED TO SHOW CAUSE why his motion for relief under 28 U.S.C. section 2255 should not be dismissed as barred under the one-year statute of limitations period discussed above. Petitioner may submit a response to this order to show cause within 30 days of the date of this order. If Petitioner does not respond to this order to show cause the court will deem his request for relief abandoned, and will order his motion dismissed and direct the Clerk of the Court to close this case. Petitioner's response, if any, to this order to show cause shall be entitled "Response to Order to Show Cause," and shall be filed and served in compliance with the Local Rules and the Federal Rules of Civil Procedure. Petitioner shall serve a copy of his response to this order to show cause, if any, upon the attorney for the government.

In his response, if any, to the order to show cause, Petitioner shall set forth specific facts

regarding any claim he may make that any of the alternative starting points for the commencement of the limitations period should apply to the present case.

Within 15 days after Petitioner has filed and served his response, if any, to this order to show cause, the government may file and serve an opposition or other rely.

IT IS SO ORDERED.

**Dated:   August 12, 2005**              _____/s/ Anthony W. Ishii_____
h2ehf                                               UNITED STATES DISTRICT JUDGE